UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No.: 18-3062 (DSD/KMM)

Jerald Boitnott,

    Plaintiff,

v.        **ORDER**

TCF Banking & Savings, F.A.
d/b/a TCF Bank and
TCF National Bank,

    DefendantS.

    Patrick W. Michenfelder, Esq. and Throndset Michenfelder Law Office, LLC, One Central Avenue, West, Suite 203, St. Michael, MN 55376, counsel for plaintiff.

    Chelsea Ahmann, Esq., Joseph M. Windler, Esq. and Winthrop & Weinstine, PA, 225 South 6th Street, Suite 3500, Minneapolis, MN 55402, counsel for defendants.

This matter is before the court upon the motion to dismiss by defendants TCF Banking & Savings, F.A. and TCF National Bank (collectively, TCF). Based on a review of the file, record, and proceedings herein, and for the following reasons, the motion to dismiss is granted.

**BACKGROUND**

This civil rights dispute arises from plaintiff Jerald Boitnott's attempts to access the TCF Bank located at 1503 Robert Street in St. Paul, Minnesota. It is undisputed that Boitnott is disabled within the meaning of the Americans with Disabilities Act (ADA). See Compl. ¶ 15. In July and September 2018, Boitnott

attempted to enter the bank, but was unable to so because (1) the disabled parking signs were positioned too low to the ground and did not identify van accessible spaces; (2) the parking lot surface was broken, patched, and deteriorated; (3) the curb ramp and flared sides of the curb ramp projected into the parking aisles; and (4) the slope of the accessible parking space and access aisle was too steep. Id. ¶¶ 21, 22.

On September 27, 2018, Boitnott filed this suit in Dakota County alleging violations of the ADA and seeking declaratory and injunctive relief and nominal damages. TCF timely removed to this court.

After receiving the complaint, TCF immediately made several improvements to the bank's parking lot with the assistance of a certified accessibility specialist, Julee Quarve-Peterson, to address the specific concerns raised by Boitnott and to ensure ADA compliance. Nelson Decl. ¶¶ 5-7; Quarve-Peterson Decl. ¶¶ 4-8. Quarve-Peterson determined, however, that the curb ramp and flared side to the curb ramp did "not obstruct or project into the parking access aisle and therefore did not violate the ADA as they existed." Quarve-Peterson Decl. ¶ 6; id. Ex. B at 7. On November 4, 2018, Quarve-Peterson returned to the bank to audit for ADA compliance after TCF completed the recommended improvements. Id. ¶ 7. She concluded that "all of the architectural barriers identified" by Boitnott were removed and that the property was ADA

2

compliant.  Id. ¶ 8; see id. Ex. C.  Boitnott submits no evidence to the contrary, effectively conceding that all of the architectural barriers identified in his complaint have been removed.[1]

TCF now moves to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure.

## DISCUSSION

### I. Standard of Review

In order to properly dismiss an action for want of subject matter jurisdiction under Rule 12(b)(1), the challenging party must successfully attack the complaint, either on its face or on the factual truthfulness of its averments.  Titus v. Sullivan, 4 F.3d 590, 593 (8th Cir. 1993).  In a facial attack, "the court restricts itself to the face of the pleadings, and the non-moving party receives the same protections as it would defending against a motion brought under Rule 12(b)(6)."  Branson Label, Inc. v. City of Branson, Mo., 793 F.3d 910, 914 (8th Cir. 2010).  "In a factual attack, the court considers matters outside the pleadings, and the non-moving party does not have the benefit of 12(b)(6) safeguards."  Carlsen v. GameStop, Inc., 833 F.3d 903, 908 (8th Cir. 2016) (citation omitted).  Here, TCF has waged a factual attack by

---

[1] Counsel for plaintiff argued that the slope issue had not been resolved, but the record establishes otherwise.  See Quarve-Peterson Decl. ¶¶ 7(c), 8; id. Ex. C at 1, 3, 4.

3

asserting that the changes made to the parking lot redressed all of the ADA violations alleged in the complaint.

## II. ADA Claim

TCF argues that the complaint should be dismissed as moot given the certified ADA-compliant changes made to the bank's parking lot. Although Boitnott does not deny that his complaint is largely moot, he argues that he still has a viable claim for relief because he seeks policy changes within TCF to ensure future ADA compliance. The court disagrees.

First, the complaint is plainly moot with respect to the architectural barriers identified in the complaint. See <u>Davis v. Morris-Walker, Ltd.</u>, No. 17-1270, 2018 WL 481847, at *1 (D. Minn. Jan. 19, 2018) (dismissing complaint as moot under similar circumstances); <u>Smith v. RW's Bierstube, Inc.</u>, No. 17-1866, 2017 WL 5186346 (D. Minn. Nov. 8, 2017) (same); <u>Hillesheim v. Buzz Salons, LLC</u>, No. 16–2225, 2017 WL 3172870 (D. Minn. June 19, 2017) (same), adopted, 2017 WL 3172751 (D. Minn. July 25, 2017); <u>Smith v. RW's Bierstube, Inc.</u>, No. 17-1866, 2017 WL 5186346, at *2 (D. Minn. Nov. 8, 2017) (same); but see <u>Sawczyn v. BMO Harris Bank Nat'l Ass'n</u>, 8 F. Supp. 3d 1108 (D. Minn. 2014) (denying motion to dismiss as moot because defendant failed to conclusively establish that it took appropriate measures to correct all of the areas of non-compliance alleged in the complaint). Second, even assuming TCF lacks an adequate ADA policy, "the absence of such a policy alone does not

4

... seriously undermine a finding of mootness when considering the uncontroverted evidence that the conduct complained of has been remedied." Hillesheim, 2017 WL 3172870, at *6 (internal quotation marks and citation omitted). Further, the court is not concerned that the alleged violations will recur given TCF's expeditious and thorough efforts to redress the problems raised in the complaint. As a result, the complaint is moot and must be dismissed.

#### CONCLUSION

Accordingly, based on above, **IT IS HEREBY ORDERED** that:

1. The motion to dismiss [ECF No. 7] is granted; and
2. The case is dismissed with prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: December 21, 2018

s/David S. Doty
David S. Doty, Judge
United States District Court
